BORRÁS, MUÑOZ & CÍA., DEMANDANTE Y APELADA, *v.* MATTA, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre cancelación de hipoteca.

No. 2483.—Resuelto en mayo 11, 1922.

PAGO—CANCELACIÓN.—En el presente caso, para garantizar el pago de cierta suma de dinero, la deudora y el acreedor hipotecario estipularon lo siguiente: " * * * cuya suma con intereses al. 10 por ciento anual se obliga la sociedad deudora a cubrir en el término de dos años contados a partir de la fecha de esta escritura, comprometiéndose a depositar en la mercantil Hijos de J. Bird y León de esta ciudad todos los productos (gastos deducidos) de los espectáculos públicos que se celebren en el teatro descrito anteriormente, al siguiente día de celebrados; y por el presente la sociedad deudora apodera a Hijos de J. Bird y León para que entregue mensualmente el dinero depositado al acreedor Bird Arias, previo recibo," etc. *Se resolvió:* que la cláusula transcrita no puede tener otra interpretación que no sea la de que el acreedor convino que la sociedad deudora cubriría su débito depositando en la casa de Hijos de J. Bird y León todos los productos líquidos de los espectáculos que diese en el teatro para ser entregados mensualmente por la depositaria al acreedor Bird Arias; y que habiendo sido cubierto el crédito en la forma convenida, el pago debe reputarse como hecho al acreedor con derecho la deudora a obtener la cancelación del crédito hipotecario.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Juan B. Soto.*

Abogado de la apelada: *Sr. J. Texidor.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La sociedad Borrás, Muñoz y Compañía construyó un teatro en Fajardo y en 10 de enero de 1917 otorgó con Arturo C. Bird Arias una escritura de hipoteca cuya cláusula primera, única necesaria ahora, dice así:

"Reconoce la sociedad civil Borrás, Muñoz y Compañía por conducto de sus gestores comparecientes estar adeudando a don Arturo C. Bird Arias la suma de cinco mil trescientos setenta dólares con sesenta y cinco centavos que les ha facilitado en concepto de refacción para la edificación antes descrita y accesorios, cuya suma con intereses al 10 por ciento anual se obliga la sociedad deudora a cubrir en el término de dos años contados a partir de la fecha de esta escritura, comprometiéndose a depositar en la mercantil Hijos de J. Bird y León de esta ciudad todos los productos (gastos deducidos) de los espectáculos públicos que se celebren en el teatro descrito anteriormente, al siguiente día de celebrados; y por el presente la sociedad deudora apodera a Hijos de J. Bird y León para que entregue mensualmente el dinero depositado al acreedor Bird Arias, previo recibo, siendo convenido que a su vez los abonos mensuales que habrá de recibir el acreedor devengarán intereses recíprocos de 10 por ciento anual, entendiéndose: que ínterin no se cubra la deuda los socios no podrán disponer de cantidad alguna a cuenta de sus futuros beneficios."

Dicha sociedad Borrás, Muñoz y Compañía demandó en 1920 a María Matta Quiñones, viuda de Arturo C. Bird, como única heredera testamentaria suya para que fuese condenada a otorgar escritura de cancelación de dicha hipoteca y a pagar las costas y honorarios de abogado del pleito, alegando como fundamento de esas peticiones que cumpliendo la demandante con lo convenido en dicha escritura realizó pagos y depositó sumas en efectivo en poder de la mercantil Hijos de J. Bird y León hasta completar la cantidad total y los intereses y las sumas debidas a razón del 10 por ciento anual quedando así pagada toda la deuda y sus intereses dentro del plazo de dos años fijado en la escritura, a pesar

de lo cual la demandada se niega a cancelar la hipoteca. Negó la demandada esas alegaciones y celebrado el juicio recayó sentencia condenatoria contra la cual interpuso la demandada este recurso de apelación.

No se discute por las partes que la sociedad deudora depositó en la casa mercantil Hijos de J. Bird y León diversas partidas hasta el total de la deuda hipotecaria y sus intereses convenidos pues la controversia en este pleito versa sobre si tales entregas son el pago hecho al acreedor, que como consecuencia lleva consigo la cancelación de la hipoteca. Por esto la corte sentenciadora entendió acertadamente que las cuestiones a decidir son: primero, ¿cuál fué el pacto entre las partes contratantes sobre la forma y manera de verificarse el pago?; segundo, ¿verificó el deudor el pago de acuerdo con tal pacto? Esas son realmente las cuestiones que surgen de la sentencia apelada, si bien la parte apelante señala como errores algunos de los fundamentos que tuvo la corte inferior para dictar su sentencia.

Para la decisión de este recurso hay que tener en cuenta la cláusula primera que hemos transcrito del contrato celebrado entre las partes pues si sus términos son claros y no dejan duda sobre la intención de las partes a ella debemos atenernos según el artículo 1248 del Código Civil para determinar si las cantidades entregadas por la sociedad deudora a Hijos de J. Bird y León son el pago de su deuda al acreedor Arturo Bird Arias.

En esa cláusula fijan las partes en primer término el saldo de la deuda refaccionaria de Borrás, Muñoz y Compañía con Arturo C. Bird Arias y continúa diciendo que esa suma con sus intereses al 10 por ciento anual se obliga la sociedad deudora a cubrirla en el término de dos años * * * comprometiéndose a depositar en la mercantil Hijos de J. Bird y León todos los productos (gastos deducidos) de los espectáculos * * * y la sociedad deudora apodera a Hijos de J. Bird y León para que entregue men-

sualmente el dinero depositado al acreedor Bird Arias, previo recibo.

Según las palabras de esa estipulación fué convenio entre las partes que la sociedad deudora cubriría su débito depositando en la casa de Hijos de J. Bird y León todos los productos líquidos de los espectáculos que diese en el teatro para ser entregados mensualmente por la depositaria al acreedor Bird Arias, entregas que autorizó expresamente la deudora. Por consiguiente la obligación de la deudora en este caso para con su acreedor consistió por convenio mutuo en hacer depósitos sucesivos en la mercantil convenida por ambas partes hasta cubrir la totalidad de su deuda, habiendo autorizado la deudora a la depositaria para entregar mensualmente al acreedor los depósitos que hubiera hecho. En otras palabras, el acreedor aceptó que la deuda no se le pagase directamente ni de una vez la cantidad debida sino que su deudora fuese depositando los productos del teatro para serles entregados mensualmente por la depositaria; y aunque en la escritura no se dice expresamente que el acreedor autorizó a Hijos de J. Bird para recibir en su nombre las entregas que hiciera la deudora, sin embargo, las palabras de la cláusula que consideramos no pueden tener otra interpretación que no sea la de que el acreedor aceptó que la depositaria recibiera en su nombre las cantidades que fueran depositadas para serle entregadas, y, por tanto, habiendo cubierto la deudora con los varios depósitos que hizo a Hijos de J. Bird y León para ser entregados al acreedor Arturo C. Bird Arias el importe total de su débito y sus intereses convenidos es de aplicación el artículo 1130 del Código Civil según el cual el pago puede hacerse a persona autorizada por el acreedor para recibirlo en su nombre. Es cierto que al autorizar la deudora a Hijos de J. Bird y León para entregar los depósitos que ella hiciera a su acreedor dispuso que las 'entregas mensuales se harían previo recibo, pero este requisito que era un resguardo o comprobante

para la depositaria de los pagos mensuales que hiciera a Arturo C. Bird no es demostración de que no estuviera autorizada para recibir los pagos en nombre del acreedor.

Como los términos del contrato son claros y no dejan duda sobre la intención de las partes no era necesario para su interpretación acudir a otras fuentes por lo que la admisión de otra prueba tendente a demostrar la intención de las partes por actos de éstas coetáneos y posteriores no ha causado perjuicio a la demandada pues sin ellas podemos decidir y decidimos sobre la intención de las partes.

Por todo lo expuesto concluiremos diciendo que puesto que Arturo C. Bird aceptó que su deudora cubriera su débito entregando a Hijos de J. Bird y León el dinero debido, que fué satisfecho en esta forma con sus intereses, la consecuencia es que Borrás, Muñoz y Compañía ha pagado la deuda que garantizó con hipoteca y tiene derecho a que ésta sea cancelada y a que se le paguen las costas del pleito y los honorarios de abogado cuya condena hizo la corte inferior y en la que no vemos error alguno.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.